TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Mikel Anderson*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mikel Anderson, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC, a Delaware limited liability company, Equifax Information Services, LLC, a foreign limited liability company, Healthcare Collections-I, L.L.C., an Arizona limited liability company, and Toyota Motor Credit Corporation, a California corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, MIKEL ANDERSON, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Chandler, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. Plaintiff is a natural person residing in Chandler, Maricopa County, Arizona.

6. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union") is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona;

b. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that maintains a registered agent in Maricopa County, Arizona;

c. Healthcare Collections-I, L.L.C. ("Healthcare Collections") is an Arizona limited liability company that maintains a registered agent in Maricopa County, Arizona; and

d. Toyota Motor Credit Corporation ("Toyota Motor") is a California corporation that maintains a registered agent in Maricopa County, Arizona.

## **GENERAL ALLEGATIONS**

7. Toyota Motor is reporting its trade line with account number 30682C**** on Mr. Anderson's Equifax and Trans Union credit files with inaccurate disputed language. Further, Healthcare Collections is reporting its trade line with account number AC5722 with inaccurate disputed language on Mr. Anderson's Equifax credit file. All of the above trade lines are hereinafter referred to as "Errant Trade Lines." Mr. Anderson no longer disputes the Errant Trade Lines.

8. On June 20, 2017, Mr. Anderson obtained his credit file and noticed the Errant Trade Lines reporting with disputed language.

9. On or about September 8, 2017, Mr. Anderson submitted a letter to Trans Union, Equifax and Experian disputing the Errant Trade Lines. In these dispute letters,

Mr. Anderson asked the credit bureaus to remove the disputed language from the Errant Trade Lines.

10. Upon information and belief, Trans Union, Equifax and Experian forwarded Mr. Anderson's consumer dispute to Toyota Motor and Healthcare Collections.

11. Mr. Anderson did not receive Trans Union's investigation results so on or about November 28, 2017, he obtained his credit file which showed that Toyota continued to report the Errant Trade Line with disputed language.

12. Mr. Anderson did not receive Equifax's investigation results so on or about November 28, 2017, he obtained his credit file which showed that Toyota and Healthcare Collections continued to report the Errant Trade Lines with disputed language.

13. To date, Mr. Anderson hasn't received Experian's investigation results.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by

obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TOYOTA MOTOR

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Trans Union and Equifax of Mr. Anderson's consumer dispute of the disputed language on the Errant Trade Line, Toyota Motor negligently failed to conduct a proper investigation of Mr. Anderson's dispute as required by 15 USC 1681s-2(b).

17. Toyota Motor negligently failed to review all relevant information available to it and provided by Trans Union and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Trans Union and Equifax to remove the disputed language from the Errant Trade Line.

18. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Anderson's consumer credit files with Trans Union and Equifax to which it is reporting such trade line.

19. As a direct and proximate cause of Toyota Motor's negligent failure to perform its duties under the FCRA, Mr. Anderson has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

20. Toyota Motor is liable to Mr. Anderson by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Mr. Anderson has a private right of action to assert claims against Toyota Motor arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Toyota Motor for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TOYOTA MOTOR**

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Trans Union and Equifax that Mr. Anderson disputed the accuracy of the information it was providing, Toyota Motor willfully failed to conduct a proper reinvestigation of Mr. Anderson's dispute, and willfully failed to direct Trans Union and Equifax to remove the disputed language from the Errant Trade Line.

24. Toyota Motor willfully failed to review all relevant information available to it and provided by Trans Union and Equifax as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Toyota Motor's willful failure to perform its duties under the FCRA, Mr. Anderson has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Toyota Motor is liable to Mr. Anderson for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Toyota Motor for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HEALTHCARE COLLECTIONS

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Equifax of Mr. Anderson's consumer dispute of the disputed language on the Errant Trade Line, Healthcare Collections negligently failed to conduct a proper investigation of Mr. Anderson's dispute as required by 15 USC 1681s-2(b).

29. Healthcare Collections negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Equifax to remove the disputed language from the Errant Trade Line.

30. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Anderson's consumer credit files with Equifax to which it is reporting such trade line.

31. As a direct and proximate cause of Healthcare Collections' negligent failure to perform its duties under the FCRA, Mr. Anderson has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

32. Healthcare Collections is liable to Mr. Anderson by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

33. Mr. Anderson has a private right of action to assert claims against Healthcare Collections arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Healthcare Collections for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY HEALTHCARE COLLECTIONS**

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. After being informed by Equifax that Mr. Anderson disputed the accuracy of the information it was providing, Healthcare Collections willfully failed to conduct a proper reinvestigation of Mr. Anderson's dispute, and willfully failed to direct Equifax to remove the disputed language from the Errant Trade Line.

36. Healthcare Collections willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

37. As a direct and proximate cause of Healthcare Collections' willful failure to perform its duties under the FCRA, Mr. Anderson has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

38. Healthcare Collections is liable to Mr. Anderson for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Healthcare Collections for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Anderson as that term is defined in 15 USC 1681a.

41. Such reports contained information about Mr. Anderson that was false, misleading, and inaccurate.

42. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Anderson, in violation of 15 USC 1681e(b).

43. After receiving Mr. Anderson's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Anderson has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Trans Union is liable to Mr. Anderson by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Anderson as that term is defined in 15 USC 1681a.

48. Such reports contained information about Mr. Anderson that was false, misleading, and inaccurate.

49. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Anderson, in violation of 15 USC 1681e(b).

50. After receiving Mr. Anderson's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

51. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Anderson has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

52. Trans Union is liable to Mr. Anderson by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Anderson as that term is defined in 15 USC 1681a.

55. Such reports contained information about Mr. Anderson that was false, misleading, and inaccurate.

56. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Anderson, in violation of 15 USC 1681e(b).

57. After receiving Mr. Anderson's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

58. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Anderson has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

59. Equifax is liable to Mr. Anderson by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Anderson as that term is defined in 15 USC 1681a.

62. Such reports contained information about Mr. Anderson that was false, misleading, and inaccurate.

63. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Anderson, in violation of 15 USC 1681e(b).

64. After receiving Mr. Anderson's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

65. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Anderson has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

66. Equifax is liable to Mr. Anderson by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: November 29, 2017

KENT LAW OFFICES

By: */s/   Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Mikel Anderson

Case 2:17-cv-04460-DGC   Document 1   Filed 12/01/17   Page 16 of 16